UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

JONATHAN H. DAVIS,

      Petitioner,

v.

WARDEN, USP BIG SANDY,

      Respondent.

No. 7:19-CV-54-REW

MEMORANDUM OPINION
AND ORDER

\*\*\*   \*\*\*   \*\*\*   \*\*\*

*Pro se* Petitioner Jonathan H. Davis, again before the Court, is a federal inmate currently housed at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky. Davis has filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his sentence. DE 1. Davis has also moved to "amend" his petition. DE 8. Although styled as a "motion to amend," Davis does not tender a separate proposed amended petition but rather offers additional arguments in further support of the claims in his original petition. The Court will grant the motion to amend and consider the arguments made in that filing along with Davis's original petition.

Under 28 U.S.C. § 2243, § 2241 petitions are subject to initial screening. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will dismiss a petition upon screening "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)); *see also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), to habeas corpus petitions).

**I.**

In August 2011, Davis was charged in a federal Indictment in the Western District of Michigan with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 921(a) and 924(e) (Count One); one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count Two); and one count of possession of a firearm in furtherance of the drug trafficking crime charged in Count Two, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). *United States v. Jonathan Hale Davis*, 1:11-cr-245-PLM-1 (W.D. Mich. 2011) at ECF No. 1 (Indictment).

In December 2011, Davis entered into a conditional plea agreement with the United States. He agreed to plead guilty to all three counts of the Indictment, but reserved the right to withdraw his plea if he successfully appealed the District Court's denial of a suppression motion. *Id*. at ECF No. 22 (Plea Agreement). In his plea agreement, Davis acknowledged that he was subject to the following: 1) with respect to Count One, the enhanced penalties provided in 18 U.S.C. § 924(e)(1) (specifically a sentence of at least fifteen years, up to life imprisonment) because he had been convicted of three or more predicate violent felonies and/or serious drug offenses;[1] 2) with respect to Count Two, a statutory maximum sentence for a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) of up to twenty years of imprisonment; and 3) with respect to Count Three, a mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A)(i) of five years, with a maximum sentence of life imprisonment, to be served consecutively to the sentenced imposed in Counts One

---

[1] "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years[.]" 18 U.S.C. § 924(e)(1).

and Two. *Id*. at ECF No. 22. Davis pleaded guilty to Counts One through Three of the Indictment on December 21, 2011. *Id*. at ECF No. 23.

During Davis's May 2012 sentencing hearing, the District Court deemed Davis an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). As a result, Davis faced a mandatory minimum sentence of fifteen years (or 180 months). *United States v. Jonathan Hale Davis*, 1:11-cr-245-PLM-1 (W.D. Mich. 2011) at ECF No. 39 (Sentencing Transcript) at 49–50, 59. In addition, the Court found Davis to be a Career Offender under the United States Sentencing Guidelines. *Id*. at 58–59; ECF No. 41 (Slip Opinion of the United States Court of Appeals for the Sixth Circuit) at 2. Davis was sentenced to a term of imprisonment of 264 months on Counts One and Two, to run concurrently to each other, and 60 months on Count Three, to run consecutively to the sentence imposed on Counts One and Two, for a total term of imprisonment of 324 months. *Id*. at ECF Nos. 33, 34.

Davis appealed to the Sixth Circuit, arguing, in part, that the District Court erred in finding that, for ACCA purposes, his prior juvenile conviction for breaking and entering a home was a "violent felony." *See id.* at ECF No. 41 at 9–10. The Sixth Circuit declined to decide the issue, finding that, even if Davis were correct, any error was harmless, as the District Court's sentence of 324 months (significantly greater than the fifteen-year mandatory minimum established by the ACCA) was the result of the court's adherence to the sentencing range recommended by the Sentencing Guidelines, and not application of the ACCA's mandatory minimum. *Id*. at 10–11. Thus, per the Circuit's view, even if the District Court misapplied the ACCA, that mistake was harmless, as Davis was sentenced pursuant to the Guidelines, not the ACCA. *Id*.[2]

---

[2] In its prior § 2241 ruling, this Court spied some concerning holes in the logic. *See Davis v. Kizziah*, No. 7:18-cv-91-REW, 2019 WL 2067219, at *4 n.9 (E.D. Ky. May 10, 2019) (discussing Sixth Circuit analysis and statutory/guidelines interplay).

In December 2014, Davis filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, based on claims of ineffective assistance counsel, as well as the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the residual clause of the ACCA, 18 U.S.C. § 924(e), unconstitutionally vague. *See Jonathan Hale Davis v. United States*, 1:14-cv-1300-PLM (W.D. Mich. 2014) at ECF No. 1. The District Court denied Davis's motion in March 2017. *Id*. at ECF No. 28. Davis filed a motion to reconsider, asserting that one of his underlying predicate felonies (assault of a prison guard) no longer qualified as an ACCA predicate. *Id*. at ECF No. 31. The District Court denied Davis's reconsideration motion, again explaining that, although Davis qualified for an ACCA enhancement, "no ACCA enhancement was applied to his sentence at all. Instead, [Davis] was properly sentenced with reference to the Career Offender section of the United States Sentencing Guidelines because it produced a higher offense level." *Id*. at ECF No. 32 at 3. The Court further concluded that because Davis's felonious assault on a prison official, as well as his prior drug offenses, remained predicate felonies under the Sentencing Guidelines, Davis was not entitled to relief.  *Id*. at 3–4.

Davis then moved to alter or amend the judgment under Rule 59(e). *Id.* at ECF No. 34. Magistrate Judge Kent rejected the motion, noting that the case was closed as of March 29, 2017. *Id.* at ECF No. 36. Davis appealed this order. *Id.* at ECF No. 37. While the appeal was pending, the District Court denied the Rule 59(e) motion, observing that Davis sought to relitigate issues resolved in the motion for reconsideration and that he had not met the applicable standard. *Id.* at ECF No. 41. The Sixth Circuit then dismissed Davis's appeal from the magistrate judge's order for lack of jurisdiction, concluding that "any review of a magistrate judge's ruling lies with the district court judge." *Id.* at ECF No. 42.

More recently, Davis filed a § 2241 petition in this Court, again challenging his sentence under the ACCA and the Career Offender enhancement under the Sentencing Guidelines. *See Jonathan H. Davis v. Gregory Kizziah*, No. 7:18-cv-91-REW at ECF No. 1. Specifically, Davis argued that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 596 (5th Cir. 2016), his prior Michigan convictions for possession with intent to deliver no longer qualify as "controlled substance offenses" for purposes of the Career Offender Guidelines. *See Jonathan H. Davis v. Gregory Kizziah*, No. 7:18-cv-91-REW at ECF No. 1-1.

The Court denied Davis's petition. *Davis*, 2019 WL 2067219, at *1. Because "*Mathis* issued on June 23, 2016, more than a month before Davis moved to supplement his then-pending § 2255 motion and more than six months before the trial court denied § 2255 relief. . . . Davis had 'meaningful time to incorporate' any *Mathis* argument into his § 2255 filings." *Id*. at *3. *Hinkle* offered Davis no relief because it was not a decision of the United States Supreme Court. *Id*. Even so, the Court noted that Davis's argument failed on its merits, as "post-*Mathis* the Sixth Circuit has repeatedly held that a conviction under M.C.L. § 333.7401 qualifies as a 'controlled substance offense[]' under U.S.S.G. § 4B1.2(b)." *Id*. at *3 n.8 (citing *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017); *United States v. Pittman*, 736 F. App'x 551, 554–56 (6th Cir. 2018); *United States v. Brown*, 727 F. App'x 126, 129 (6th Cir. 2018)). In addition, the Court held that, even if it were to find that the Michigan manufacturing charge no longer qualified as a "controlled substance offense" for purposes of Career Offender status, the Guidelines require only two prior felony convictions of either a "crime of violence" or "controlled substance offense." *Id.* at *3. Davis did not challenge any of his other convictions that served as Career Offender predicates. *Id.* Thus, even if he were correct about the challenged conviction, the § 4B1.1 enhancement would stand. *Id*. The Court likewise rejected Davis's ACCA argument, finding that "Davis had and lost

5

his shot on ACCA application" on direct appeal and in his § 2255 motion. *Id*. at *2. Davis filed a motion for reconsideration, which the Court denied. *Id.* at ECF Nos. 9, 10. There was no appeal.

Davis has now filed a second[3] § 2241 petition in this Court. *See* DE 1. Davis claims that he no longer has three qualifying ACCA predicates because his prior Michigan conviction for simple assault no longer qualifies as a "crime of violence," and his prior juvenile drug trafficking offenses[4] no longer count as "serious drug offenses." DE 1-1 at 3, 8–9. Davis also contends that his "Career Offender" enhancement under U.S.S.G 4B1.1 was improper because "Michigan's manufacturing and delivery no longer constitutes a crime as labeled under [U.S.S.G. § 4B1.2(b)] controlled substance offense." *Id*. This time, Davis relies on the Sixth Circuit's decisions in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), and *Dowell v. Smith*, No. 19-5183, 2019 U.S. App. LEXIS 24742 (6th Cir. Aug. 19, 2019), and argues that the "Michigan statute under which he was convicted for delivery and manufacturing a controlled substance under M.C.L. § 333.7401 no longer can be said to be a predicate under 4B1.2 which does not say anything about attempt crimes." DE 1-1 at 18; DE 8. As before, he seeks to bring this § 2241 petition via the "savings clause" of 28 U.S.C. § 2255(e).

After thorough review, the Court denies relief. Davis's claims simply are not cognizable in a § 2241 petition.

---

[3] Third, if you count *Davis v. Kizziah*, No. 7:17-93-KKC (E.D. Ky.), dismissed in 2017 for failure to prosecute.

[4] Per the record, Davis had two (originally) uncontested ACCA predicates—at paragraphs sixty-five and sixty-nine of the presentence investigation report—and two other challenged convictions, including one juvenile drug offense at paragraph sixty-one. *See United States v. Jonathan Hale Davis*, 1:11-cr-245-PLM-1 (W.D. Mich. 2011) at ECF No. 39 at 35–36. The sentencing court considered, without necessarily deciding, whether this juvenile conviction counted as an ACCA predicate. *Id.* at 59 (finding "three or possibly four predicate prior offenses").

## II.

A federal prisoner generally may not raise a challenge to his sentence via § 2241. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge his conviction or sentence must file a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). That is so because a § 2241 petition is not an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates a narrow exception to this prohibition if the § 2255 remedy is "inadequate or ineffective" to test the legality of a petitioner's detention. *Truss v. Davis*, 115 F. App'x 772, 773–74 (6th Cir. 2004). A § 2255 motion is not "inadequate or ineffective" simply because such motion would be barred or untimely or because a previous § 2255 motion was unsuccessful. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review"). Rather, to properly invoke the savings clause, a petitioner generally must demonstrate "actual innocence." To do so, a petitioner may claim factual innocence based on an intervening change in statutory interpretation. *See Hill v. Masters*, 836 F.3d 591, 595–96 (6th Cir. 2016); *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012). This category of argument must depend on a retroactively applicable opinion "issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions." *Wooten*, 677 F.3d at 307–08. The Sixth Circuit recently clarified *Hill* and held that "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior

reasonable opportunity to bring his argument for relief." *See Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019) (further chronicling the evolution of the clause in this Circuit).

Here, Davis challenges the enhancement of his sentence pursuant to the ACCA and the application of the Career Offender provision in the Guidelines. The slim scope of relief under § 2241 applies with particular force to challenges directed not to a conviction, but to the sentence imposed. *See Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). Under a limited exception to this general rule, a prisoner may challenge his sentence via § 2241 only if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Sixth Circuit phrased the *Hill* exception as limited to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*." *See id.* at 599. Additionally, the retroactive case of statutory interpretation on which the petitioner relies must be a United States Supreme Court decision. *See id.* at 600 (limiting decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"); *Hueso v. Barnhart*, 948 F.3d 324, 339 (6th Cir. 2020) (holding that a prisoner may not seek habeas relief under § 2241 based solely on an intervening federal circuit court case; rather, the retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court).

Davis does not meet the foregoing rigorous requirements. To begin, Petitioner's ACCA argument fails to meet the first *Hill* prong. Davis's challenge to his prior conviction for assault on a prison employee (which he argues no longer qualifies as a "crime of violence" in light of *Johnson*) is a *constitutional* challenge to his sentence. The argument does not depend on or invoke

8

a case making changes in statutory interpretation. As a result, the constitutional claim could and must have been asserted before the trial court, upon direct appeal, or in a motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(h)(2); *see also In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017) (noting that, under 28 U.S.C. § 2255(h), "[a] second or successive collateral attack is permissible only if the court of appeals certifies that it rests on (1) newly discovered evidence or (2) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Further, Davis cannot show that he had no prior reasonable opportunity to raise the argument, particularly since he presented a *Johnson* challenge in his first § 2255 motion. *Jonathan Hale Davis v. United States*, 1:14-cv-1300-PLM (W.D. Mich. 2014) at ECF Nos. 1, 22, 24. By expressly making several *Johnson* assertions then, Davis shows that he inarguably could also have oppugned the Michigan assault statute as an ACCA predicate in his original § 2255 foray.[5]

To the extent the latest § 2241 petition persists in disputing Davis's designation as a Career Offender, Davis was sentenced in 2012, well after the Supreme Court's decision in *Booker* made the Sentencing Guidelines advisory (rather than mandatory). On this basis alone, Davis's claim

---

[5] The Court again notes, *see Davis*, 2019 WL 2067219, at *4 n.9, that the Sixth Circuit rejected any prejudice argument hinging on ACCA application. Dubious or not, that is the Circuit's treatment. In any event, because Davis cannot trip the *Hill* toggles of a statutory re-interpretation and an unavailable argument, the savings clause offers no passage. *See Fields v. Ormond*, No. 18-5247, 2018 WL 4214314, at *3 (6th Cir. Aug. 21, 2018) ("Finally, Fields cannot assert a *Johnson* claim under § 2241 because *Johnson* is a constitutional case, not a case of statutory interpretation.").

does not fall within *Hill*'s articulated exception for challenging guidelines sentences via § 2241.[6]
*See Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019)
("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the
Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than
mandatory."); *Contreras v. Ormond*, No. 18-5020, 2018 U.S. App. LEXIS 25678, at *3 (6th Cir.
Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by
*Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines.");
*Arroyo v. Ormond*, No. 17-5837, 2018 U.S. App. LEXIS 8901, at *4–5 (6th Cir. April 6, 2018)
(holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s
limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

Nor has Davis identified a retroactive change in statutory interpretation by the Supreme
Court that is applicable to his case, as is required. *See Hill*, 836 F.3d at 600; *Hueso*, 948 F.3d at
326. Instead, Davis relies on the Sixth Circuit's decisions in *Havis* and *Dowell*, neither a Supreme
Court decision.[7] In *Hueso*—issued after both *Havis* and *Dowell*—the Sixth Circuit made clear that

---

[6] That narrow reading by *Hill* does not define all sentencing cases, under § 2241, but it does set
the extant boundary for consideration of guideline (versus statutory) sentencing issues. Thus, a
dispute over a statutory mandatory minimum or a maximum could fall within the savings clause,
assuming other factors, but a guideline sentence can fit only if the sentence was pre-*Booker*.
Otherwise, post-*Booker*, the sentencing court is (guideline error or no) imposing a lawful sentence
though perhaps with a wrong advisory range reference. A lawful sentence is not one the law would
deem a fundamental miscarriage of justice. *See Bullard v. United States*, 937 F.3d 654, 660–61
(6th Cir. 2019) (holding that a defendant cannot use a collateral attack to vindicate non-
constitutional challenges to advisory guideline calculations and noting: "And a lawful sentence
does not create a miscarriage of justice."); *Spencer v. United States*, 773 F.3d 1132, 1140 (11th
Cir. 2014) ("[A]ny miscalculation of the guideline range cannot be a complete miscarriage of
justice because the guidelines are advisory."); *Sun Bear v. United States*, 644 F.3d 700, 705–06
(8th Cir. 2011) (noting that "[a]n unlawful or illegal sentence is one imposed without, or in excess
of, statutory authority.").

[7] In the "motion to amend," Davis also cites a string of unpublished cases. *See* DE 8 at 2. However,
none is from the Supreme Court, and all pre-date *Hueso*. *See* DE 8 at 2 (citing *United States v.
Forrester*, No. 2:18-CR-115, 2019 WL 2754127 (E.D. Tenn. July 1, 2019); *United States v.*

"[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Hueso*, 948 F.3d at 333 (emphasis added).[8]

*Havis* is a guidelines commentary decision, and the unpublished *Dowell* allows relief, via *Mathis*, in the paradigm *Hill* context. Neither case is an intervening Supreme Court decision that opens the way for a previously foreclosed claim. As this Court summarized recently:

> At bottom, it is clear—from *Wright* and *Hueso*, and based on the lessons of earlier savings clause precedent—that, to benefit from § 2255(e), Harris must rely upon an intervening Supreme Court decision that adopts a new interpretation of a statute after the completion of initial § 2255 proceedings and demonstrate that he had no reasonable opportunity to assert the legal arguments generated by that case either at the time of sentencing, on direct appeal, or in his initial § 2255 motion. *See Hueso*, 948 F.3d at 333 ("We now turn the facts of our prior cases into a holding.

---

*Powell*, No. 18-3654 781, F. App'x 487 (6th Cir. Jul 22, 2019) (on direct appeal); *United States v. Orr*, No. 18-6054, 2019 U.S. App. LEXIS 31517 (6th Cir. Oct 22, 2019) (on direct appeal); *Dowell*, 2019 U.S. App. LEXIS 24742).

[8] As his first § 2241 petition, Davis relies on *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018). *See Davis v. Kizziah*, No. 7:18-cv-091-REW at ECF No. 1 at 6. According to Davis, *Rosales-Mireles* stands for the proposition that "plain error should be applied to incorrect applications toward Sentencing Guidelines." *See id.* at ECF No. 1-1 at 10. *Rosales-Mireles* examined the bounds of an appellate court's discretion under Federal Rule of Criminal Procedure 52(b)—which provides that a court of appeals may consider errors that are plain and affect substantial rights, even though they are raised for the first time on appeal—in the context of a miscalculated Guidelines range. *Rosales-Mireles*, 138 S. Ct. at 1903. However, "[t]he standard espoused [in *Rosales-Mireles*] applies only to direct appellate review of a defendant's sentence. The standard on collateral review is different." *Johnson v. United States*, No. 2:08-CV-0930-DCN-7, 2019 WL 6468727, at *4 n.8 (D.S.C. Dec. 2, 2019).

Importantly, non-constitutional error in sentencing (such as an error in advisory guideline calculation) is not a proper basis for relief on collateral review. *See Brown v. Caraway*, 719 F.3d 583, 587–88 (7th Cir. 2013) (developing discussion that § 2241 application depended on binding guideline range having equivalence to force of law, as compared to an advisory system). Because such a mistake does not implicate fundamental error, neither § 2255 nor, perforce, § 2241, offers relief. *See Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018) (rejecting attempt to make collateral attack premised on miscalculated non-binding guideline range: "Although the career designation may have affected the ultimate sentence imposed, 'it did not affect the lawfulness of the sentence itself'") (alteration omitted), *cert. denied*, 139 S. Ct. 1573 (2019); *Spencer*, 773 F.3d at 1145 (denying collateral review of career offender application and noting that "sentence was and is lawful" because "[i]t does not exceed the statutory maximum sentence"); *Sun Bear*, 644 F.3d at 705 (rejecting § 2255 motion seeking review of career offender designation).

11

In addition to whatever else our reasonable-opportunity standard demands, it requires a Supreme Court decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings."); *Wright*, 939 F.3d at 703 ("[I]n this circuit, a federal prisoner who has already filed a § 2255 motion and cannot file another one cannot access § 2241 just because a new Supreme Court case hints his conviction or sentence may be defective. Rather, the prisoner must also show that binding adverse precedent (or some greater obstacle) left him with 'no reasonable opportunity' to make his argument any earlier[.]").

*Harris v. Barnhart*, No. 6:18-CV-189-REW, 2020 WL 1443722, at *7 (E.D. Ky. Mar. 25, 2020).

Davis simply is unable to satisfy the procedural demands of the savings clause.[9]

As such, § 2241, as applied in this Circuit, is unavailable.[10]

Accordingly, the Court **ORDERS** as follows:

1.     The Court **GRANTS** Davis's motion to amend his habeas petition (DE 8);

2.     The Court **DENIES** Davis's petition for a writ of habeas corpus (DE 1);

3.     The Court **DIRECTS** the Clerk to dismiss this matter and strike it from the Court's active docket; and

4.     The Court will enter a corresponding judgment.

---

[9] The merits are far from clear. Chief Judge Reeves, in this District, recently found the same statute to have survived as a predicate despite *Havis*. *United States v. Powell*, No. 5:19-069-DCR, 2019 WL 6617397, at *1, 3 (E.D. Ky. Dec. 5, 2019).

[10] Although the Court declines to dismiss Davis's petition as an abuse of the writ at this time, it suffices to say that Davis has pressed and re-pressed his claims multiple times before this and other courts. *See Sanders v. United States*, 83 S. Ct. 1068, 1078 (1963) ("[I]f a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground. . . . Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, to entertain collateral proceedings whose only purpose is to vex, harass, or delay."); *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765 (6th Cir. 2008) ("Although habeas corpus petitions filed pursuant to § 2241 are not subject to the strict bars on second and successive petitions imposed on 28 U.S.C. § 2255 habeas petitions, courts may decline to address claims brought repeatedly.") (citing 28 U.S.C. § 2244(a)). The Court will be watchful as to the propriety of any future filings that seek to revisit the same ground yet again.

This the 24th day of April, 2020.

Signed By:

*Robert E. Wier*

**United States District Judge**